1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,

12              Plaintiff-Appellee,              No. 2:12-cr-00244-KJM

13        vs.

14   DALE G. PARREL,

15              Defendant-Appellant.             <u>ORDER</u>

16   _____/

17              Appellant Dale G. Parrel timely appeals his conviction before a magistrate judge

18   under 38 C.F.R. § 1.218(a)(3) for improperly disposing of a cigarette butt on the ground.  He

19   bases his appeal on an as-applied challenge to the constitutionality of the regulation.  The court

20   heard argument on this case on October 24, 2012.  Zachary Schultz, Certified Law Student, and

21   Rachelle Barbour appeared for appellant, with Mr. Schultz making the oral argument.[1]  Special

22   Assistant United States Attorney Ashwin Janakiram appeared for the United States.  For the

23   following reasons, the magistrate judge's decision is AFFIRMED.

24   /////

25   _____

26   [1] The court commends Mr. Schultz for his exceptional preparation, performance and
     poise during oral argument.

1

I.      PROCEDURAL HISTORY AND UNDISPUTED FACTS

Parrel originally was charged by citation on March 24, 2011 for improper disposal of rubbish.  (Appellant's Excerpts of Record at 1 ("ER").)  On August 25, 2011, the United States ("government") filed an information charging one count of improper disposal of rubbish on Department of Veterans Affairs ("VA") property.  (ER at 2-3.)  The magistrate judge presided over a bench trial on July 2, 2012.

At trial, the government presented only one witness, the citing officer Sergeant Clinton Bickell ("Bickell").  Bickell is a police officer at the Department of Veterans Affairs Hospital in Mather, California ("Hospital").  Parrel presented only one witness, Juan Doig, an investigator for the Federal Defender's Office.  According to Bickell's uncontroverted testimony, Bickell was called to the Hospital about a disturbance involving Parrel.  (ER at 9.)  The disturbance concerned Parrel's running over someone's feet with his motorized scooter and his use of a recording device in the hospital.  (ER at 21-22, 25.)  Parrel's doctor had asked him to surrender his recording device, but Parrel refused.  (ER at 21.)

Parrel was sitting in his motorized chair outside the west entrance to one of the hospital buildings when Bickell contacted him about the disturbance.  (ER at 10, 12-13.)  Parrel was smoking a cigarette while Bickell discussed the disturbance with him; when Parrel finished the cigarette, he flicked it approximately eight to ten inches above Bickell's shoulder onto the ground.  (ER at 13.)  In response, Bickell "directed [Parrel's] attention towards the trash receptacle to his rear, and asked him in the future if he could use the trash receptacle."  (*Id.*)  The surrounding area contained many cigarettes that had been thrown on the ground.  (ER at 23.)  Parrel acknowledged Bickell's request with something like "sure, yeah, I'll do that, whatever." (ER at 13.)

Bickell returned to his patrol car parked nearby and watched Parrel as he lit up another cigarette.  (ER at 15.)  Bickell continued watching Parrel because "he was still the subject of our investigation, and I wanted to see what he was — if he was going to properly

1  dispose of his cigarette." (ER at 16.)  Proper disposal, Bickell testified, would have been to

2  place the cigarette in the ashtray on top of the trash can. (ER at 17.)  After finishing the second

3  cigarette, Parrel testified he "put" the cigarette butt on the ground and did not pick it up. (ER at

4  16.)  Bickell immediately began writing a citation, and Parrel still had not picked up the cigarette

5  when Bickell approached him with the citation about one to one-and-a-half minutes later.  (ER at

6  16-17.)  This was the first time Bickell, in his two-and-a-half year employment with the VA, had

7  cited anyone for throwing a cigarette butt on the ground.  (ER at 18-19.)  Bickell also testified

8  that the regulation at issue here is posted at every VA hospital entrance, including the entrance

9  near where Bickell cited Parrel.  (ER at 14.)

10          Investigator Doig testified about his observations while visiting the Hospital for

11 this case.  He stated that he, too, saw many cigarette butts on the ground near where Parrel was

12 cited.  (ER at 30.)  He also testified that the garbage cans around the hospital grounds contain

13 ashtrays on the top of them.  (ER at 29.)  On cross-examination, Doig admitted he was not aware

14 of any place in the United States where people "can throw [their] cigarette butts on the ground."

15 (ER at 31.)

16          At the close of trial, the magistrate judge found Parrel guilty of violating 38

17 C.F.R. § 1.218(a)(3) and ordered he pay a fine of $100, a $10 special assessment, and serve a

18 one-year probation term to terminate upon payment of the fine.  (ER at 36-37, 45.)  Parrel timely

19 appealed.  (ER at 43.)

20 II.     STANDARD

21          Challenges to the constitutionality of a statute or regulation are reviewed *de novo*.

22 *United States v. Shetler*, 665 F.3d 1150, 1164 (9th Cir. 2011).  In an as-applied challenge, a

23 statute is unconstitutionally void for vagueness "if the statute '1) does not define the conduct it

24 prohibits with sufficient definiteness and 2) does not establish minimal guidelines to govern law

25 enforcement.'" *Id.* at 1164 (quoting *United States v. Wyatt*, 408 F.3d 1257, 1260 (9th Cir.

26 2005)).

III.     ANALYSIS

Parrel argues that 38 C.F.R. § 1.218(a)(3) violates both parts of the applied vagueness standard.  (Appellant's Opening Br. at 4, ECF 29.)  Because Parrel does not challenge the regulation on its face or under the First Amendment, this court "'need only examine the vagueness challenge under the facts of the particular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited.'"  *United States v. Naghani*, 361 F.3d 1255, 1259-60 (9th Cir. 2004) (quoting *United States v. Fitzgerald*, 882 F.2d 397, 398 (9th Cir. 1989)).

A.     Sufficient Definiteness

A penal statute or regulation is void for vagueness if it does not "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  This is the standard because "we assume that man is free to steer between lawful and unlawful conduct . . . [and] [v]ague laws may trap the innocent by not providing fair warning." *Id.* at 108-09.

To determine whether a law is void for vagueness, the court first examines the language of the regulation itself.  *Wyatt*, 408 F.3d at 1260.  Section 1.218(a)(3) provides:

> Preservation of property. The improper disposal of rubbish on property; the spitting on the property; the creation of any hazard on property to persons or things; the throwing of articles of any kind from a building; the climbing upon the roof or any part of the building, without permission; or the willful destruction, damage, or removal of Government property or any part thereof, without authorization, is prohibited. The destruction, mutilation, defacement, injury, or removal of any monument, gravestone, or other structure within the limits of any national cemetery is prohibited.

38 C.F.R. § 1.218(a)(3).  The only relevant portion of the regulation's text is as follows: "Preservation of property.  The improper disposal of rubbish on property . . . is prohibited."

Parrel argues that the regulation is inherently ambiguous because it refers only to the "improper" disposal of rubbish.  (ECF 29 at 6.)  He avers that, to determine whether placing

1  a cigarette butt on the ground is improper, he could rely only on environmental cues.  (*Id.*)  And

2  the environmental cues — the presence of many butts all around him, the officer's ambiguous

3  gesture toward a trash can, and the prior similar acts of others without legal consequence —

4  suggested that putting a butt on the ground was not improper.  (*Id.*)

5        The government counters that the regulation consists of "common words" that are

6  easily understandable by people of ordinary intelligence.  (Appellee's Br. at 4, ECF 30.)

7  Littering is commonly understood to be improper; Parrel's own witness, the government argues,

8  proved this when he testified that he did not know of a place in the United States where throwing

9  cigarette butts on the ground is legal.  (*Id.* at 4-5 (citing ER 31).)  The plain language of the

10  regulation, in other words, contradicts any conclusion that Parrel might have gleaned from

11  environmental cues that throwing a cigarette butt on the ground is proper.  (*Id.* at 5.)

12        The court finds that the regulation's language is not unconstitutionally vague.  A

13  person of ordinary intelligence can understand from the regulation's words that "improper

14  disposal . . . is prohibited," and thus that throwing a cigarette butt onto the ground, rather than in

15  an ashtray or trash can, is prohibited.  *Kolender*, 461 U.S. at 357.

16        Even accepting for argument's sake that the term "improper" is ambiguous, the

17  interpretive canon *noscitur a sociis* — that a word may be known by the company it keeps –

18  removes any ambiguity.  *Russell Motor Car Co. v. United States*, 261 U.S. 514, 520 (1923)

19  ("'Noscitur a sociis' is a well-established and useful rule of construction, where words are of

20  obscure or doubtful meaning, and then, but only then, its aid may be sought to remove the

21  obscurity or doubt by reference to the associated words.").  Here, the applicable regulation is

22  identified by the phrase "Preservation of Property."  "Preservation" ("preserve") is defined as

23  "keep something in its original or existing state" or "keep something safe from harm," and

24  "property" as "a building or land belonging to it."  Oxford Compact English Dictionary

25  805, 816 (3d ed. 2005).  "Rubbish" means "waste material; refuse or litter."  *Id.* at 900.  Any

26  disposal of rubbish that works against the preservation of property is "improper" and therefore

1   prohibited.  *See United States v. Fentress*, 241 F. Supp. 2d 526, 530 (D. Md. 2003) (holding that

2   the term "Disturbances" preceding the phrase "loud, boisterous, and unusual noise" in a VA

3   regulation sufficiently clarified the prohibited conduct so that the regulation was not void for

4   vagueness) (citing *United States v. Williams*, 892 F.2d 1044 (6th Cir. 1990) (unpublished)).[2]

5            Moreover, the "root of the vagueness doctrine is a rough idea of fairness — [i]t is

6   not a principle designed to convert into a constitutional dilemma the practical difficulties in

7   drawing criminal statutes both general enough to take into account a variety of human conduct

8   and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited."

9   *Colten v. Kentucky*, 407 U.S. 104, 110 (1972).  The language of the regulation here is broad,

10  encompassing all potential disposal of rubbish that could degrade government property.  While

11  Parrel's proposed alternative language would add the requirement of a labeled trash receptacle

12  — "the disposal of rubbish, except in marked containers, is prohibited" — such an addition is

13  not required to achieve fairness in clarifying what "improper" disposal means.

14           Finally, appellant here had actual notice that throwing a cigarette butt on the

15  ground is illegal.  *United States v. Backlund*, 689 F.3d 986, 997 (9th Cir. 2012) (concluding that

16  a Forest Service regulation was not unconstitutionally vague as applied to the defendants in part

17  because the evidence showed they had actual notice that the charged conduct was prohibited).

18  The regulation at issue here was posted at the Hospital entrance near where Bickell cited Parrel.

19  (ER at 14.)  Bickell told Parrel directly, after Parrel flicked his first cigarette to the ground, that

20  he should use the trash can to dispose of butts.  (ER at 13.)  Parrel acknowledged Bickell's

21  direction, even if diffidently, and saw that the garbage can had an ashtray on top of it.  (ER at 13,

22  17, 29.)  With this information, Parrel had actual notice that throwing a cigarette butt on the

23  ground was a punishable offense, even though Bickell did not say exactly that such conduct was

24  illegal.

25

26           [2] The *Fentress* court explicitly noted that it cited *Williams* not for that unpublished case's
    persuasive authority as a circuit court decision but for its reasoning on this constitutional issue.

B.     Minimal Guidelines to Govern Law Enforcement

The second vagueness problem, a failure to establish minimal enforcement standards, is related to the first. While the first "involves notice to those charged with obeying the law, the second [ ] relates to notice to those who must enforce the law, be they the police, judges, or juries." *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1105 (6th Cir. 1995). A law is vague under this inquiry if it "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972).

Parrel argues that the Supreme Court's concerns articulated in the case of *Papachristou v. City of Jacksonville*, 405 U.S. 156 (1972), are manifested in this case. In *Papachristou*, the Court struck down a Jacksonville, Florida vagrancy ordinance as unconstitutionally vague. *Id.* at 171. That ordinance prohibited such conduct as "nightwalking, wandering or strolling," and "habitually living upon the earnings of [ ] wives or minor children." *Id.* at 163-64. The Court was concerned that such an ordinance "makes criminal activities which by modern standards are normally innocent." *Id.* at 163. Insomniacs may innocently indulge in a relaxing evening stroll; Whitman extolled wandering and strolling; and living off one's wife is an intra-family matter of no concern to the police. *Id.* at 164-65. Such a "list of crimes is so all-inclusive and generalized . . . [that] those convicted may be punished for no more than vindicating affronts to police authority." *Id.* at 166-67.

In Parrel's version of the narrative in the present case, Bickell was initially called to the scene to intercept Parrel's recording device. (ECF 29 at 7-8.) Having failed in this effort, Bickell waited in his patrol car while observing Parrel, then arbitrarily used the broad and previously unused regulation to cite Parrel. (*Id.*) Though Parrel never explicitly says what motivated Bickell to act in this manner, he suggests that because the officer was frustrated in his
/////

7

1    original object, and in the face of Parrel's disinclination to salute his badge, Bickell resorted

2    arbitrarily to a broad regulation as a means of exacting retribution.

3            As discussed above, however, the language of the regulation at issue here is

4    sufficiently clear to cabin police discretion.  Parrel does not identify what innocent conduct 38

5    C.F.R. § 1.218(a)(3) sweeps in, and the court has not identified any.

6            Moreover, Bickell's actions do not demonstrate discriminatory application of the

7    regulation. The *Papachristou* Court was concerned that law enforcement could use unduly vague

8    laws to seek revenge for affronts to police authority.  Here, the record shows that Bickell cited

9    Parrel only after Parrel threw his second cigarette on the ground, after Bickell had already

10   directed him to use the trash can.  (ER at 13.)  Bickell could have cited Parrel for the first

11   cigarette he threw on the ground, after Parrel flicked it irreverently over Bickell's shoulder; such

12   a sequence might suggest a need to punish Parrel for his lack of proper respect.  That Bickell had

13   never cited anyone for this offense before also is evidence that he did not apply the regulation

14   willy nilly.  (ER at 18-19.)  Here, Bickell's explanation fits the record at trial: he was simply

15   following his regular pattern, which is to give verbal warnings for a first offense.  (ER at 24.)

16   Bickell had never cited anyone before because no one had ever violated the regulation in front of

17   him twice consecutively, including after being warned.  (*Id.*)  It is not for this court to determine

18   whether Bickell's lawful exercise of discretion made a smoldering ash heap out of a single spent

19   butt.

20           Given its proper task, the court finds that 38 C.F.R. § 1.218(a)(3) establishes

21   minimal guidelines within which Officer Bickell operated; it is not unconstitutionally vague.

22   /////

23   /////

24   /////

25   /////

26   /////

IV.    CONCLUSION

         For the foregoing reasons, the magistrate judge's judgment is AFFIRMED.

         IT IS SO ORDERED.

DATED:  May 24, 2013.

                                                        _____
                                                        UNITED STATES DISTRICT JUDGE